**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50240 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-05163-LAB-1 |
| v. | |
| RICHARD MAX TAFOYA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted August 3, 2021
Pasadena, California

Before: PAEZ, CALLAHAN, and BENNETT, Circuit Judges.

Richard Tafoya appeals a supervised-release condition prohibiting him from

entering Mexico for five years. He also challenges the substantive reasonableness

of his eighty-month sentence for importing methamphetamine into the United

States. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Because Tafoya failed to object to the supervised-release condition at

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

sentencing, we review the matter for plain error. *See United States v. Wolf Child*, 699 F.3d 1082, 1089, 1094–95 (9th Cir. 2012). And contrary to Tafoya's contention, the district court did not plainly err in failing to support, with record evidence, the travel restriction. Courts must comply with this "enhanced procedural requirement[]" when a supervised-release condition implicates a particularly significant liberty interest. *Id.* at 1090 (quoting *United States v. Weber*, 451 F.3d 552, 568 (9th Cir. 2006)). Our case law, however, has not established that the right to travel abroad constitutes such an interest for sentencing purposes. Our case law also fails to support Tafoya's argument that his relationship with his girlfriend in Mexico "is a relationship that implicates a particularly significant liberty interest in intimate association." *See id.* at 1095. It would not, therefore, have been clear or obvious to the court that this case constituted one of the "rare" ones requiring "additional procedures and . . . special findings." *United States v. Rudd*, 662 F.3d 1257, 1263 n.4 (9th Cir. 2011) (citation omitted).

Nor is the travel restriction plainly overbroad for not allowing Tafoya to enter Mexico with his probation officer's permission. While such exceptions can "help[] to mitigate the severity of [a] limitation," *United States v. Watson*, 582 F.3d 974, 984 (9th Cir. 2009), Tafoya points to no case holding that blanket restrictions on travel are impermissible. Given Tafoya's smuggling history, criminal

connections in Mexico, and lack of family ties to that country, the court could have reasonably concluded that an absolute prohibition was justified.[1] *Cf. United States v. LaCoste*, 821 F.3d 1187, 1193 (9th Cir. 2016) ("There are of course situations in which a defendant's ties to [a particular area] may not be a positive influence, and in such cases a condition of supervised release barring the defendant's return may well be justified.").

Finally, we affirm Tafoya's custodial sentence. The district court carefully considered the statutory sentencing factors, *see* 18 U.S.C. § 3553(a), and explained why it was imposing a sentence twenty months below the guidelines recommendation. The court noted Tafoya's age and health, on the one hand, and his extensive criminal history and the need for deterrence, on the other. Tafoya disagrees with the court's reasoning, but he fails to establish that his sentence was "shockingly high . . . or otherwise unsupportable as a matter of law." *United States v. Ressam*, 679 F.3d 1069, 1088 (9th Cir. 2012) (en banc) (citation omitted).

**AFFIRMED.**

---

[1] Whereas the court's oral pronouncement prohibited Tafoya from entering Mexico, its written order allowed him to do so with his probation officer's permission. The oral pronouncement controls, *see United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015), but Tafoya may request clarification from the court as to which condition was intended.